**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

MERRYTON BOSSIER, LLC                  CIVIL ACTION NO. 25-1944

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

CITY OF BOSSIER CITY, ET AL.           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss or, Alternatively, to Abstain or Stay filed by Defendants City of Bossier City (the "City"), Thomas H. Chandler, Rodney Taylor, and Charles Jacobs (collectively, "Defendants"). See Record Document 10. Plaintiff Merryton Bossier, LLC ("Merryton") filed an opposition (Record Document 12), and Defendants replied (Record Document 13). For the reasons stated below, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

This case arises from the City's termination of utility services to Merryton's hotel property in December 2024. See id. at 2. Merryton alleges that on December 9, 2024, the City caused electrical service for the property to be disconnected, and that on the following day the City terminated water service, resulting in the cessation of Merryton's business operations. See id. Merryton further alleges that these actions were taken without prior notice, without a hearing, and without invocation of any administrative or judicial process. See id. at 26–27.

Following the utility termination, Merryton initiated a proceeding in Louisiana state court on December 16, 2024, seeking a temporary restraining order, preliminary injunction, and permanent injunction against the City. See id. at 16. The state court denied Merryton's request for a temporary restraining order and set a hearing on the request for

preliminary injunction. <u>See</u> Record Document 10-3 at 2–3. That hearing was subsequently continued without date and has not been reset. <u>See id.</u> The record reflects that following the continuance of the preliminary injunction hearing, the parties engaged in discovery.

Merryton filed the present federal action on December 4, 2025, asserting claims under 42 U.S.C. § 1983 for alleged violations of its constitutional rights, including procedural due process, substantive due process, and equal protection. <u>See</u> Record Document 1 at 26–27. Merryton seeks monetary damages and other relief arising out of the City's termination of utility services. <u>See id.</u>

Defendants now move to dismiss this action for lack of subject matter jurisdiction or, alternatively, request that the Court abstain from exercising jurisdiction or stay this matter pending resolution of the state court proceeding. <u>See</u> Record Document 10.

**LAW AND ANALYSIS**

I.    **Applicable Law**

Motions filed pursuant to Rule 12(b)(1) challenge the subject matter jurisdiction of the court to hear a case. <u>See</u> F.R.C.P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." <u>Ramming v. U.S.</u>, 281 F.3d 158, 161 (5th Cir. 2001). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. <u>See</u> <u>Williamson v. Tucker</u>, 645 F.2d 404, 413 (5th Cir. 1981). For a Rule 12(b)(1) motion, the party

asserting jurisdiction is the one that bears the burden of proof that jurisdiction exists. See City of Alexandria v. Fed. Emerg. Mgt. Agency, 781 F. Supp. 2d 340, 346 (W.D. La. 2011).

Here, the Defendants move to dismiss based on both the Colorado River and Younger abstention doctrines. See Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800 (1976); see also Younger v. Harris, 401 U.S. 37 (1971). District courts generally apply Rule12(b)(1) to motions to dismiss based on abstention. See Haygood v. Begue, No. CV 13-0335, 2016 WL 1103968, at *3 (W.D. La. Mar. 17, 2016); see also U.S. Fire Ins. Co. v. Hous. Auth. of New Orleans, 917 F. Supp. 2d 581, 586–589 (E.D. La. 2013).

## II.    Younger Abstention

Younger abstention applies only in limited circumstances involving ongoing state criminal proceedings, certain quasi-criminal enforcement actions, or civil proceedings uniquely involving important state interests. See Sprint Commun., Inc. v. Jacobs, 571 U.S. 69, 73 (2013). Younger abstention applies when three criteria are met: "(1) the dispute should involve an ongoing state judicial proceeding; (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an adequate opportunity in the state proceedings to raise constitutional challenges." Wightman v. Texas S. Ct., 84 F.3d 188, 189 (5th Cir. 1996).

The state court proceeding at issue here is not the sort of proceeding to which Younger applies. It is a civil action initiated by Merryton seeking injunctive relief against the City following the termination of utility services. See Record Document 10-4 at 2. It is not a criminal prosecution, nor is it the type of quasi-criminal civil enforcement proceeding contemplated by Younger.

3

Further, Merryton seeks monetary damages in this federal suit for alleged constitutional violations arising from already completed conduct. See Record Document 1 at 26–30. The Fifth Circuit has expressly held that Younger abstention does not authorize dismissal of claims for monetary damages. See Alexander v. Ieyoub, 62 F.3d 709, 714 (5th Cir. 1995). Thus, even if abstention concerns existed as to some form of equitable relief, dismissal of Merryton's damages claims would still be improper under Alexander.

Moreover, adjudicating Merryton's federal constitutional claims for damages does not create the sort of interference with an ongoing state proceeding that Younger seeks to prevent. Merryton asserts claims under 42 U.S.C. § 1983 for alleged violations of its constitutional rights, including procedural due process, substantive due process, and equal protection. See Record Document 1 at 26–30. By contrast, the state court proceeding seeks an injunction requiring the City to turn on the water and utility services. See Record Document 10-4 at 8. Resolution of Merryton's federal constitutional claims does not require this Court to enjoin, review, or otherwise interfere with the state court's ability to adjudicate the pending request for injunctive relief. Accordingly, this case does not present the type of federal intrusion into ongoing state proceedings that would warrant abstention under Younger.

### III.    Colorado River Abstention

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them. Colorado River, 424 U.S. at 817. Thus, the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). Only in

"extraordinary and narrow" circumstances, may a district court abstain from exercising its jurisdiction in favor of the state court litigation. Id. at 813.

"Discretionary Colorado River abstention may be applied when: a state proceeding is ongoing and is parallel to the federal proceeding; and, extraordinary circumstances caution against exercising concurrent federal jurisdiction." Air Evac EMS, Inc. v. Texas, Dept. of Ins., Div. of Workers' Compen., 851 F.3d 507 (5th Cir. 2017). To determine whether actions are parallel, "a court may 'look both to the named parties and to the substance of the claims asserted' to determine whether the state proceeding would be dispositive of a concurrent federal proceeding." Air Evac EMS, 851 F.3d at 520 (citing Methodist Episcopal Church v. Lucien, 756 F.3d 788, 797 (5th Cir. 2014)). If the matters are parallel, then the court should engage in a six-factor balancing test with the "balance heavily weighted in favor of the exercise of [federal] jurisdiction." Air Evac EMS, 851 F.3d at 520.

Here, the proceedings are not parallel. Although both actions arise out of the same underlying events, they do not involve the same parties or the same claims. The federal action includes individual defendants that are not included in the state action. Additionally, the state court action is not dispositive of the federal action. The state court action seeks an injunction, and the federal action seeks damages based on constitutional violations. Because the state court proceeding does not include these federal claims and cannot dispose of Merryton's request for damages, it is not capable of resolving the federal action in its entirety. Accordingly, because the actions are not truly parallel, abstention under Colorado River is not warranted.

**IV.     Request to Stay**

Defendants alternatively ask the Court to stay this matter pending resolution of the state court proceeding. The Court declines to do so. The Court recognizes that the state court's eventual ruling on Merryton's request for injunctive relief may bear on certain issues of state and local law, including whether the City had authority under those laws to terminate utility services. However, that potential guidance from the state court does not eliminate the independent federal issues presented here. As noted above, the federal constitutional claims, particularly the procedural due process claim, are not wholly dependent on whether the City ultimately proves it had authority under state law to act as it did. If Merryton was deprived of a protected interest without notice and an opportunity to be heard, that alleged constitutional violation is not erased merely because the City may later establish that it could have lawfully taken the same action after providing due process.

Further, the state court proceeding has been pending since December 2024, the preliminary injunction hearing was continued without date, and no ruling on that request has been issued. Staying this matter pending an uncertain future ruling from the state court would risk substantial delay in adjudicating Merryton's federal claims for damages. In light of the Court's obligation to exercise its jurisdiction and the distinct federal questions presented, a stay is not warranted.

**CONCLUSION**

Based on the reasons explained above, Defendants' Motion (Record Document 10) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of April, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT